IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                            ORDER

        v.                                     03-cr-179-bbc-01

JOSEPH W. ISHAM, JR.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Joseph W. Isham, Jr.'s supervised release was held on June 1, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Jeffrey M. Anderson. Defendant was present in person and by counsel, Patrick J. Stangl. Also present was Senior United States Probation Officer Michael D. Harper.

From defendant's stipulation and the record, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on August 9, 2004, following his conviction for possession of stolen firearms in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. He was committed to the custody of the

Bureau of Prisons to serve a term of imprisonment of 54 months, with a 36-month term of supervised release to follow.

On October 2, 2007, defendant began his first term of supervised release. On September 16, 2008, I revoked his 36-month term of supervised release after he obstructed a Washburn County sheriff's deputy during an official investigation and used alcohol on June 22, 2008. Defendant was sentenced to serve five months in the custody of the Bureau of Prisons with a 24-month term of supervised release to follow.

On November 21, 2008, defendant began his second term of supervised release. On January 19, 2009, defendant violated the mandatory condition prohibiting him from committing another federal, state or local crime and statutory condition No. 7 prohibiting him from using any controlled substances as shown by his urine specimen that tested positive for cocaine metabolite.

Between January 15 and March 27, 2009, defendant violated statutory condition No. 9, prohibiting him from associating with any person convicted of a felony when he associated with Quill R. Hawk via telephone and e-mail while Mr. Hawk was incarcerated at the U.S. Penitentiary in Victorville, California.

On March 13, 2009, defendant violated special condition No. 3 requiring him to abstain from the use of alcohol when he consumed alcoholic beverages at the Angler Bar and Grill in Hayward, Wisconsin.

On March 31, 2009, defendant violated the mandatory condition prohibiting him from committing another federal, state or local crime and statutory condition No. 7 prohibiting him from possessing any controlled substances or paraphernalia by possessing 274 grams of marijuana, 8.54 grams of Testosterone Enanthate, 5.63 grams of Testosterone Cypionate, and a marijuana pipe.

Defendant's conduct falls into the category of a Grade B violation. Upon a finding of a Grade B violation, §7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervised release. Under 18 U.S.C. § 3583(g), revocation is mandatory for possession of a controlled substance.

## CONCLUSIONS

Defendant's violations require revocation. Defendant's criminal history category is III. With a Grade B violation, defendant has an advisory guideline range of imprisonment of 8 to 14 months. Under to 18 U.S.C. § 3583(e)(3), the statutory maximum to which defendant can be sentenced upon revocation is 24 months because the instant offense is a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence above the guideline range. The intent of this sentence is to hold defendant accountable for his violations and to protect the community for the

3

maximum time allowable under the statute.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant Joseph Isham on September 16, 2008, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months. No term of supervised release shall follow.

Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement. Defendant does not have the financial means or earning capacity to pay the cost of his incarceration. Execution of this sentence will begin immediately.

Entered this 1st day of June 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
Chief District Judge